Nov. Term,
1849.

Kelly
v.
Weddle.

---

Kelly, Administrator *de bonis non* of the Estate of Anderson, *v.* Weddle.

The Probate Court, when satisfied that any removed executor or adminis-trator has assets in his hands, can compel the payment or delivery thereof to the administrator or executor entitled thereto, by attachment or distress *infinite;* but such Court is not authorized to make a compul-sory order in favor of such removed administrator or executor against his successor for a balance due by the estate to the former.

*Friday,
December 7.*

ERROR to the *Jackson* County Probate Court.

Smith, J.—*David Kelly*, administrator *de bonis non* of the estate of *William Anderson*, deceased, filed a petition alleging that *George A. D. Weddle*, the former adminis-trator of said estate, had assets in his hands belonging thereto, and that he had failed and refused to account for or pay over the same to the petitioner as his successor. The object of the petition was to cause said *Weddle* to be required to account, on oath, before the Court, for the assets which came to his hands as such former adminis-trator.   At the next term of the Court, after said petition was filed, namely, on the 13th of *August*, 1845, *Weddle* appeared, filed an account current, and, on the same day the Court made an order requiring the administrator *de bonis non*, to pay to him (*Weddle*) 122 dollars and 97 cents from said estate ; and, also, the further sum of 25 dollars, for an attorney's fee.   The record then states, that at the *May* term, 1846, in a proceeding entitled *George A. D. Weddle* v. *David Kelly*, administrator of *William Anderson*, deceased, the " said plaintiff" appeared, and, on his motion, it was ordered that the said administrator assign,

to the said *Weddle*, judgments belonging to said estate to the amount of 122 dollars and 97 cents, in discharge of the order made at the previous *August* term.

Nov. Term, 1849.

We are referred to article 12, c. 30, R. S., as the source of the authority of the Probate Court to make these orders. That article authorizes an administrator, and makes it his duty, to cite any previous administrator upon the same estate who may have money or other property belonging thereto in his hands, before the Court to account, on oath; and it empowers such Court, when satisfied that any removed executor or administrator has any such assets in his hands, to compel the payment or delivery thereof to the executor or administrator entitled thereto, by attachment and distress *infinite;* but it does not directly authorize, nor do we think its purpose and intent requires that it should be construed to authorize, a *compulsory* order in favor of such removed or retiring administrator against his successor for a balance or debt due by the estate to the former. We, therefore, think both the orders in this case were improperly made.

*Per Curiam.*—The proceedings of the Probate Court, subsequent to the filing of the petition, are reversed with costs. Cause remanded, &c.

*W. A. Porter*, for the plaintiff.

*J. G. Marshall*, for the defendant.